IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03118-PAB

RAMLI ILIASOV,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, and,
GEORGE VALDEZ, Acting Field Officer Director,

      Respondents.

---

## ORDER

---

      This matter comes before the Court on petitioner Ramli Iliasov's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1].  Respondents filed a response.  Docket No. 9.

### I.    BACKGROUND[1]

      Petitioner[2] entered the United States in June 2021 and was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A).  Docket No. 1 at 2.  Petitioner applied for asylum, received employment authorization, and complied with all Immigration and Customs Enforcement ("ICE") reporting requirements.  *Id.*  In June 2026, ICE took petitioner into custody during a traffic stop in Colorado.  *Id.*  Petitioner was not charged with a crime.  *Id.*  On July 13, 2026, petitioner filed a Petition for Writ of

---

[1] The following facts are undisputed unless otherwise noted.

[2] At the time that petitioner filed his Petition for Writ of Habeas Corpus, he was proceeding pro se.  Accordingly, the Court construes his petition liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Habeas Corpus, alleging that respondents unlawfully detained petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a).  *See id.* at 2-3.  Among other forms of relief, petitioner requests his immediate release.  *See id.* at 4.

## II.    ANALYSIS

Respondents state that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."  Docket No. 9 at 1-2.  Thus, respondents do not respond to petitioner's contention that he was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A), and that respondents revoked that parole despite petitioner's compliance with ICE reporting requirements, lack of criminal charges, and lack of other changed circumstances.  *See* Docket No. 1 at 2.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that "the interest in being free from physical detention by one's own government" is "the most elemental of liberty interests," the first factor weighs in favor of petitioner. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Relevant to the second factor is the fact that petitioner was previously released on parole.  In releasing petitioner on parole, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk.  *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026).

Respondents do not contest that, when petitioner's parole was revoked and he was taken into custody, there was no reason or changed circumstances for petitioner's arrest.  *See* Docket No. 1 at 2.  Respondents do not provide any indication as to why petitioner's parole was revoked.  Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest.  *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).  "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty

3

interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's parole. While respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner," respondents do not explain why this relief

4

is proper in light of their failure to contest the allegations in the petition.  *See* Docket No. 9 at 1-2.  Thus, the Court will grant the habeas petition and order petitioner's immediate release.  *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release.  Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy.  To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

### III.    CONCLUSION

Therefore, it is

**ORDERED** that Ramli Iliasov's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall release petitioner Ramli Iliasov within **48 hours**.  It is further

**ORDERED** that the parties shall file a status report within **4 days** of petitioner's release.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge